when such unmarried daughter or widow should receive the entire income, i. e. until such time as there should be another who had become a widow, and who thereupon was to share in the income. In other words, the intention of the testator was to create a trust by which any daughter who was unmarried, or was a widow or should become a widow, should be provided for by receiving the trust income, and this was co-ordinate to his intention of providing a home for such daughters. If the appellants should be successful on this appeal, and the trust income should be divided under the fourth clause, share and share alike, then this purpose and intention would be frustrated. Thus, for instance, if Clara Mayerkort should become a widow, she would not be able to receive from the income of the trust estate the proportion that the testator intended. Only in the case that all the daughters were married and their husbands were living was it intended by the testator that the income of the trust estate should be divided, as stated in the fourth clause, share and share alike. This clause is thus brought in harmony with the rest of the will, and the full purpose and intent of the testator carried out.

We think, therefore, that the daughter Louise S. Berlin should receive the entire income of the trust estate until she becomes married, until there be another widow to share with her, or until the termination of the term of the trust.

The judgment accordingly should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. I think that there is a clear distinction between the unmarried and widowed daughters of the testator evidenced throughout the will.

---

(68 App. Div. 269.)

### McCULLEN v. NEW YORK & N. S. RY. CO.

(Supreme Court, Appellate Division, Second Department. January 24, 1902.)

CARRIERS—EJECTION OF PASSENGER—REFUSAL OF FARE—INSTRUCTIONS.

    In an action against a railroad company for death resulting from the ejection of plaintiff's intestate for refusing to pay his fare, though the court charged that, if a passenger refused to pay his fare, the conductor could then employ as much force as was necessary to effect his removal, using no violence and committing no unnecessary injury, its refusal to further charge that "if, however, the passenger refused to comply, and an injury happens," the company was not responsible, was error, necessitating reversal of plaintiff's judgment.

    Goodrich, P. J., dissenting.

Appeal from trial term, Queens county.

Action by Margaret McCullen, as administratrix of John Wigmore, deceased, against the New York & North Shore Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

The instruction refused by the trial court appears in the dissenting opinion.

    74 N.Y.S.—14

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George F. Hickey (William E. Stewart, on the brief), for appellant.
J. Brownson Ker (M. P. O'Connor, on the brief), for respondent.

HIRSCHBERG, J. Wigmore, the plaintiff's intestate, while a passenger on defendant's railroad, was asked by the conductor for his fare, and, refusing to pay the same, was ejected by the conductor, and received injuries which resulted in his death. We think the judgment and order must be reversed for the error contained in the refusal to charge at folios 423 and 424, the probable effect of which was to convey to the jury the idea that a recovery might be had for an injury which resulted from resistance on the part of the passenger to the act of lawfully ejecting him from the car, accompanied by no unnecessary violence. It is true the court had previously charged correctly upon the general question of the right of the defendant to eject the passenger under certain circumstances and conditions, using no unnecessary force. That no recovery could be had for an injury resulting from such resistance might be reasonably inferred, but was not expressly stated. The defendant was entitled to have the jury informed that, if injury resulted from such resistance, no recovery could be had; and had the court, upon the request being made, instructed the jury that the plaintiff could not recover within the spirit and meaning of what he had already charged, a different question would be presented. The express refusal to so charge when requested, in the absence of any previous direct information conveyed to the jury upon that subject, may have misled them into the belief that a recovery could be had for such injury, and we therefore think a new trial necessary.

WOODWARD, J., concurs. BARTLETT, J., concurs in result. JENKS, J., takes no part.

Judgment and order reversed, and new trial granted; costs to abide the event.

GOODRICH, P. J. I dissent because I think the court had already charged the request referred to in the prevailing opinion. The defendant's counsel requested the court to charge three propositions, as follows:

"I ask your honor to charge the jury that an individual within the car of a street surface railroad, who refuses to pay his fare, is a wrongdoer, and has no legal right to remain in the car; and it is right he should be requested to leave the car when he has manifestly no right to remain." "I ask your honor to charge that, if he refuses, the conductor may then employ so much force as may be necessary in order to effect his removal, using no violence, and committing no unnecessary injury." "I ask your honor to charge that if, however, the passenger refuses to comply, and resists, and an injury happens, it is an injury for which the company is not responsible, for it is a result attributable to his own wrongful conduct."

The court charged the first two requests, and refused to charge the third, and the defendant excepted. There would be no question of the correctness of the refusal to charge the third request if it

had not been more or less connected with the two previous requests by the use of the word "however." Assuming that the effect of that word was to connect the third request with the others, the three propositions amounted to a request to charge that, if a person using a car refuses to pay his fare, he has no legal right to remain, and may be requested to leave the car, and, if he refuses, the conductor may employ so much force as is necessary to effect his removal, using no violence, and committing no unnecessary injury; and if the person resist, and an injury happen, it is an injury for which the company is not responsible, for it is a result attributable to his own wrongful conduct. The court, in the principal charge, instructed the jury that if a person making use of a public conveyance or car "refuses to pay the fare within a reasonable time after demand, then the servant having charge of the conveyance has the right to cause the passenger to be removed from the car, requesting him to get off in the first instance, and, upon refusal, using so much force, and only so much force, as may be necessary in order to effect his removal from the conveyance. Of course, whether a greater or less degree of force is required depends upon circumstances. Resistance by the passenger would require the exercise of a greater amount of force. The conductor—the servant— would have the right to use so much force as was necessary, even to overcome resistance which was being made to his requirement that the passenger should get off the car, he having refused to pay his fare. * * * The mere putting off, of course, in and of itself, in the exercise of only so much force as was necessary, would bring the defendant and its servants within the protection of the law; but the excessive use of force is what is complained of here, and that you have the right to consider, and must consider, and determine whether or not the defendant's servants, in doing what they did to effect the removal of the deceased from the conveyance, used more force than was actually necessary in order to effect his removal." It seems to me that the principal charge and the charging of the first two requests sufficiently covered the defendant's third request, and, that being so, it was not error for the court to refuse to repeat its statement of the law as to the defendant's liability. Besides, the request seems to be too broad. It asked the court to say that the company was not liable for any injury in the case of any resistance, no matter what the injury, or whether it was or was not the necessary result of necessary force used by the company's servant.

I think the refusal to charge was not error, and that the judgment and order should be affirmed.